RACHEL E. K. LOWE (State Bar No. 246361)
GILLIAN H. CLOW (State Bar No. 298966)
OMAR MORQUECHO (State Bar No. 333647)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
rachel.lowe@alston.com
gillian.clow@alston.com
omar.morquecho@alston.com

TRACY YAO (State Bar No. 323816)
**ALSTON & BIRD LLP**
55 2nd Street, Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Facsimile: 415-243-1001
Email: tracy.yao@alston.com

Attorneys for Defendant
RENT GROUP INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENT GROUP INC., a Georgia corporation d/b/a WWW.RENT.COM,<br><br>Defendant. | Case No.:<br><br>(Removed from Los Angeles Superior Court Case No. 26STCV18119)<br><br>**DEFENDANT RENT GROUP INC.'S NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT**<br><br>Complaint Filed: June 8, 2026 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Rent Group Inc. ("Defendant") hereby removes the above-captioned case, titled *Miguel Esparza v. Rent Group Inc.*, originally filed in the Superior Court of the State of California, County of Los Angeles and assigned Case No. 26STCV18119 (the "State Court Action") to this Court under 28 U.S.C. §§ 1332, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"). The grounds for removal are set out below:

## I. BACKGROUND

On June 8, 2026, Plaintiff Miguel Esparza ("Plaintiff") filed the State Court Action alleging a single claim for violation of the California Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq*. On behalf of a putative class of users of Defendant's website (Rent.com) in California, Plaintiff alleges that Defendant violated section 638.51 of CIPA by installing software created by a third party (Nexxen) on Rent.com that collects certain information from visitors to Rent.com, such that it is a prohibited "trap and trace" device. (Compl. ¶¶ 10-18.) A true and correct copy of the as-served Complaint package, with the Summons, is attached hereto as **Exhibit A**.

Plaintiff defines the putative class in the Complaint as "[a]ll California citizens who visited Defendant's website while physically in California and whose personal information was shared with Nexxen or other third parties by Defendant without effective and informed prior consent." (Compl. ¶ 22.) Plaintiff seeks statutory damages pursuant to California Penal Code § 637.2 and reasonable attorneys' fees and costs. Plaintiff also seeks an order certifying the class and making all appropriate class management orders.

On June 17, 2026, Plaintiff served the summons and complaint on Defendant. Ex. A. Plaintiff has served no other "process, pleadings, [or] orders" on Defendant.

Defendant denies the allegations of wrongdoing in the Complaint and that Plaintiff is entitled to any of the relief requested. At this time, however, the relevant

inquiry is whether this Court has jurisdiction over this matter, which it does pursuant to CAFA.

## II. REMOVAL IS PROPER UNDER CAFA.

Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332, subsection (d). Although Plaintiff filed the State Court Action in state court, Plaintiff's Complaint alleges facts sufficient to support this Court's subject matter jurisdiction of this action under CAFA. Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions. CAFA vests federal courts with original jurisdiction for class actions where the parties are minimally diverse, the aggregate number of members in the proposed class consists of at least 100 members, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). CAFA's requirements are satisfied here.

Further, "no antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). Indeed, "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs.*, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).

### A. The Number of Proposed Class Members Is At Least 100.

CAFA states that a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff brings his claim "individually and on behalf of all others similarly situated," which is enough to prove that the State Court Action is a putative class action under CAFA.

Plaintiff's definition of the purported class is extremely broad and includes at least 100 individuals. Specifically, Plaintiff defines the putative class to include:

> All California citizens who visited Defendant's website while physically in California and whose personal information was shared with Nexxen or other third parties by Defendant without effective and informed prior consent.

(Compl. ¶ 22.)

Since June 2025, more than 2,001 unique individuals located in California have visited Rent.com. (Declaration of Kevin Olson ("Olson Decl."), ¶ 3.) Accordingly, accepting Plaintiff's allegations as true for purposes of this Notice of Removal, the number of proposed class members exceeds the 100 required to establish CAFA jurisdiction.

**B. Diversity of Citizenship Under CAFA**

"[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

The parties are minimally diverse. An individual is a citizen of the state where he or she resides. 28 U.S.C. § 1332(a)(1). A corporation is deemed to be a citizen of every state "by which it has been incorporated and…where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Plaintiff alleges that he is a resident and citizen of California. (Compl. ¶ 4.) Defendant is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Declaration of Rachel Lowe, Ex. A (print out of California Secretary of State Statement of Information).) Defendant is thus a citizen of Delaware and Georgia.

Because at least one member of the proposed class (i.e., Plaintiff) "is a citizen of a State different from . . . [D]efendant," CAFA's diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A). Moreover, the exceptions listed in 28 U.S.C. § 1332(d)(4)(A)–(B) do not apply because no defendant is a citizen of California.

**C. Amount in Controversy**

CAFA's third requirement—that the aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million—is also satisfied. 28 U.S.C. § 1332(d)(2).

As the Supreme Court has explained, a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-CV-02941-LHK, 2016 U.S. Dist. LEXIS 123455, at *13 (N.D. Cal. Sep. 12, 2016) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's Complaint, not what a defendant will actually owe.") (citations omitted). Further, "[a] defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (citing *Dart Cherokee*, 574 U.S. at 87). Further, where the plaintiff also seeks recovery of attorneys' fees and costs under some fee-shifting statute or contract, the Court may consider that form of relief to determine the amount in controversy. F*ritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (where "the law entitles [a putative class plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation and must be included in the amount in controversy").

Although Defendant disputes the allegations and maintains that it has not injured Plaintiff or any putative class member, the alleged amount in controversy here exceeds $5 million. The Complaint seeks statutory damages and attorneys' fees, which, in the aggregate, well exceed CAFA's $5 million threshold. (Compl., Prayer for Relief.)

Specifically, Plaintiff claims that he and the putative class members are entitled to "statutory penalties for violations of § 638.51." (Compl. ¶¶ 34-35.) Under California Penal Code § 637.2(1), the defendant company is liable for statutory damages of $5,000 per violation. As discussed above, at least 2,001 unique individuals located in California have visited Rent.com since June of 2025. Taking Plaintiff's allegations as true, which Defendant vehemently disputes, because each of those 2,001 individuals could claim at least $5,000 per violation, the State Court Action plausibly alleges damages exceeding $5,000,000 exclusive of attorneys' fees and costs.

Further, the above analysis does not include attorney's fees, which Plaintiff seeks (Compl. at Prayer for Relief), and which must be included in the amount in controversy.

The inclusion of Plaintiff's request for attorney's fees only serves to increase the amount in controversy further above the $5 million threshold.

The State Court Action thus satisfied the amount in controversy requirement.

## III. DEFENDANT TIMELY FILED ITS NOTICE OF REMOVAL AND SATISFIED ALL PROCEDURAL REQUIREMENTS.

### A. This Notice of Removal is Timely Filed.

This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within 30 days after service of the Complaint on Defendant. The Complaint and summons were served on Defendant on June 17, 2026. Ex. A Therefore, this Notice of Removal, filed within 30 days of service, is timely filed under 28 U.S.C. §1446(b).

### B. Defendant Has Satisfied All Procedural Requirements.

Venue is proper. Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles. Accordingly, this action is properly removed to this Court, which embraces Los Angeles County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Additionally, Defendant is the only defendant in the State Court Action, so it is the only defendant that Plaintiff has served.

Finally, Defendant provided proper notice. Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action. True and correct copies of these documents, which are attached to this removal, are listed below:

- As-Served Complaint Package With Summons (**Exhibit A**)
- Other State Action Orders (**Exhibit B**)

Pursuant to 28 U.S.C. §1446, subsection (d), Defendant is filing a copy of the Notice of Removal with the Clerk of Los Angeles County Superior Court and serving Plaintiff with the same. A copy of the Notice to the Superior Court (which will be served upon Plaintiff), without exhibits, is attached hereto as **Exhibit C.**

## IV. CONCLUSION

Plaintiff's allegations demonstrate that CAFA's requirements have been met, including that (1) the proposed class contains at least 100 members, (2) Plaintiff and each of the proposed California class members are citizens of a state different than Defendant's state of citizenship and no other CAFA exceptions apply, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

DATED: July 16, 2026

RACHEL E. K. LOWE
GILLIAN H. CLOW
TRACY YAO
OMAR MORQUECHO
**ALSTON & BIRD LLP**

By: *_/s/ Rachel E. K. Lowe_*
Rachel E. K. Lowe

Attorneys for Defendant
Rent Group Inc.